IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL TYSON LEE,                    )
                                      )
        Petitioner,                   )
                                      )        Civil Action No.
v.                                    )        2:19cv660-ECM-SRW
                                      )             (WO)
BLAKE TURMAN, et al.,                 )
                                      )
        Respondents.                  )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 3, 2019, Michael Tyson Lee, proceeding pro se, filed this 28 U.S.C. § 2254 petition challenging his June 2019 misdemeanor conviction and 30-day sentence for failure to appear for court. Doc. 1. As explained below, the court finds that Lee's petition is due to be dismissed for lack of jurisdiction.

## I.  BACKGROUND

On March 22, 2019, while on probation for an Alabama conviction for possessing/receiving controlled substances, Lee was arrested by Andalusia police for resisting arrest and menacing. Doc. 11-1. Lee bonded out on March 25, 2019, but failed to appear for court on April 30, 2019. *Id*. On June 10, 2019, Lee appeared in the Andalusia Municipal Court and pled guilty to failure to appear for court; on that date, he was sentenced to 30 days in jail. *Id*.

Although Lee was in jail when he filed this § 2254 petition on September 3, 2019, it was not for his failure-to-appear conviction and sentence, but instead for his conviction and sentence for other offenses.

## II. DISCUSSION

Federal district courts have jurisdiction to entertain § 2254 petitions only from persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The U.S. Supreme Court in *Maleng v. Cook*, 490 U.S. 488 (1989), stated that this "in custody" requirement means "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. at 490–91. If a habeas petitioner's sentence has expired when he files his § 2254 petition, he does not meet the "in custody" requirement, and the federal court lacks jurisdiction to consider the § 2254 petition. *Id.* at 491.

Lee filed his § 2254 petition challenging his June 10, 2019 failure-to-appear conviction and 30-day sentence on September 3, 2019. He was no longer "in custody" pursuant to that conviction and sentence when he filed his petition. Thus, this court lacks jurisdiction to consider Lee's petition and his petition should be dismissed.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ habeas corpus under 28 U.S.C. § 2254 be dismissed for lack of jurisdiction.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **March 28, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 14th day of March, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge